IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARIUS DUCKWORTH,        ) | |
|                 Plaintiff,  ) | |
|                             ) | |
| v.                         ) | Civil Action No. 3:09-CV-0651-N (BF) |
|                             ) | |
| MICHAEL J. ASTRUE,          ) | |
| Commissioner of the         ) | |
| Social Security Administration, ) | |
|                 Defendant.  ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for findings, conclusions, and recommendation pursuant to 28 U. S. C. § 636(b). This is an appeal from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying the claims of Darius Duckworth ("Plaintiff") for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). The Court considered Plaintiff's Brief, filed October 26, 2009, and Defendant's Brief, filed December 4, 2009, in addition to thoroughly reviewing the complete record.

**PROCEDURAL BACKGROUND**

Plaintiff, who is proceeding pro se, filed applications for DIB and SSI on August 15, 2006, alleging that he became disabled on May 1, 2006, due to bulging and herniated discs in his neck, arthritis in his knees, neck, hands, and back, and high blood pressure. (Tr. 121-130, 135.) The Commissioner denied his applications at the initial levels of administrative review. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). At the August 13, 2008 hearing, Plaintiff, represented by counsel, testified. (*Id.* 16.) A vocational expert ("VE") also appeared and

1

testified. The ALJ found that Plaintiff was not disabled and thus not entitled to DIB or SSI. Plaintiff requested review before the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision. Plaintiff filed a timely complaint pursuant to 42 U.S.C. § 405(g). (*Id*. 1-3.)

### **STANDARD OF REVIEW**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work he has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### Age, Education, and Work Experience

Plaintiff was born on August 6, 1964 and has an eleventh-grade education. (Tr. 131, 20.) He has past work experience as an aluminum stretcher. (*Id*. 22-23.)

### The ALJ's Decision

On October 9, 2008, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. (*Id*. 9, 15.) He analyzed Plaintiff's claims pursuant to the familiar five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the ALJ determined that Plaintiff meets the insured status requirements of the Act through December 31, 2010 and that he has not engaged in substantial gainful activity since May 1, 2006, his alleged onset date. (Tr. 11.) At step two, the ALJ found that Plaintiff had severe impairments of degenerative disc disease, degenerative joint disease of the right knee, and obesity. (*Id*.) At step three, the ALJ determined that Plaintiff's impairments were not severe enough to meet or medically equal one of the impairments listed in the listing of impairments for presumptive disability. (*Id*.) Next, the ALJ found that Plaintiff's subjective complaints were not fully credible. (*Id*. 12.) The ALJ concluded at step four that Plaintiff did not have the RFC to return to his past relevant work. (*Id.* 14.) However, after testimony from the VE, the ALJ found at the fifth step that Plaintiff was not disabled because he could perform work that existed in significant numbers in the national economy, such as cafeteria attendant, housekeeper/cleaner, and microfilm mounter. (*Id*. 15.)

### ISSUE

Plaintiff claims that the medical evidence shows that the ALJ's determination of Plaintiff's RFC was not supported by substantial evidence.

## ANALYSIS

As the Commissioner correctly argues, the ALJ has the sole responsibility for evaluating a claimant's RFC based on the record as a whole. *See Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990). The ALJ determined that Plaintiff retained the residual functional capacity to lift/carry 10 frequently and 20 pounds occasionally; stand/walk four to six hours in an eight-hour workday; and sit six hours in an eight-hour workday. (*Id*. 12.) The ALJ also found that Plaintiff could occasionally handle, finger, feel, and reach with the right upper extremity; could frequently handle, finger, feel, and reach with the upper left extremity; and could occasionally crawl, squat, stoop, or bend. (*Id*.) However, the ALJ determined that Plaintiff could not climb ladders or work at heights. (*Id*. 12.)

An opinion of a consultative examiner may constitute substantial evidence. *See Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). On November 22, 2006, Ingrid Zasterova, M.D. ("Dr. Zasterova"), performed a consultative examination of Plaintiff. (*Id*. 310-313.) Dr. Zasterova stated that Plaintiff could lift five to 30 pounds and perform tasks requiring fine finger control. (*Id*. 312.) She stated that Plaintiff had full muscle strength in his upper and lower extremities, and there was no atrophy. (*Id*. 312.) The consultative physician found that Plaintiff had a normal gait and station, no difficulty walking on heels/toes, an ability to squat 60 degrees without holding on to the examining table, and negative straight leg raises in the seated and supine positions. (*Id*. 312.) No significant abnormalities existed other than sensory deficits from C4-7 with dermatomal patterns in both arms. (*Id*. 312.) With the exception of the standing limitation suggested by Dr. Zasterova — a limitation that the ALJ attributed to Dr. Zasterova's consideration of Plaintiff's weight and description of his lifestyle as "sedentary"— the ALJ found that Dr. Zasterova's findings did not

5

suggest symptoms that would preclude competitive employment and were consistent with the medical evidence.

Plaintiff notes that during pain management for his neck, Dr. Nagaraj Kikkeri, M.D. ("Dr. Kikkeri") found that Plaintiff was limited to less than light work. (Tr. 241, 355-357; Pl.'s Br. at 6-7.) "[W]hen good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony." *Greenspan*, 38 F.3d at 237 (internal citations omitted). Recognized "good cause" exceptions include "disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Id.* The ALJ considered Dr. Kikkeri's limitations and gave them no weight. (Tr. 14.) Dr. Kikkeri had examined Plaintiff in May 2006 and July 2006 and found that Plaintiff had full upper extremity strength and equal reflexes bilaterally. (*Id*. 287, 291.) Further, Dr. Kikkeri acknowledged in his treatment notes that Plaintiff had achieved significant pain relief with medication. (*Id*. 359.) Moreover, the ALJ pointed out that treatment records reference only a few complaints of right upper numbness and weakness which did not support Dr. Kikkeri's conclusion that Plaintiff could not perform repetitive movement. (*Id*. 286, 288, 290, and 292.) Thus, the ALJ rejected Dr. Kikkeri's opinion with respect to Plaintiff's limitations because the objective medical evidence did not support the limitations.

Pain that is alleviated by medication is not disabling. *Johnson v. Sullivan*, 894 F.2d 683, 686 (5th Cir. 1990); *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986). In May 2006, Dr. Kikkeri opined that Plaintiff appeared to have improved when Plaintiff reported his pain at level five (with 0 being no pain and 10 being excruciating pain). (*Id*. 286.) In September 2006, after having received post cervical facet injections in August 2006, Plaintiff's pain was at level three. (*Id*. 296.)

Treatment notes from July 2008 reveal that Plaintiff's medication provided adequate relief of his symptoms, allowing him to perform daily activities. (*Id*. 333.) Substantial evidence supports the ALJ's RFC finding because the medical evidence showed that Plaintiff's pain was controllable with medication. Although, as Plaintiff points out, the medical records do show, at times, some range of motion limitations in Plaintiff's neck, "resolution of conflicts between the subjective evidence and the medical evidence should depend upon the ALJ's evaluation of the credibility of the claimant's complaints of pain." *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir. 1988). The ALJ has the responsibility to resolve questions of credibility. *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). An ALJ's credibility determination is entitled to considerable deference. *Harrell v. Bowen*, 862 F.2d 471, 479 (5th Cir. 1988). "The absence in the record of objective factors indicating the existence of severe pain, such as persistent significant limitations in the range of motion, muscular atrophy, weight loss, or impairment of general nutrition justifies the conclusions of the administrative law judge." *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987) (although some limitation of motion and muscle weakness, collective analysis supported credibility assessment).

In assessing Plaintiff's credibility, the ALJ adequately considered Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms arising from his alleged medically-determinable impairments, along with the medical evidence, but found them not credible. (*Id*. 12-14.) As discussed, the medical evidence revealed that Plaintiff had full muscle strength in his upper and lower extremities and no atrophy, equal reflexes in his upper extremities, minimal lower extremity pain, and a few complaints of right upper numbness and weakness. (*Id*. 286-88, 290-92, and 312.) The ALJ also noted that Plaintiff's neck pain was controlled with pain

7

management. (*Id.* 12-14, 286, 296, 333, 345.) In fact, as the ALJ pointed out, the medical evidence shows that through 2007, Plaintiff acknowledged good pain control with medication. (*Id.* 345.) Moreover, treatment notes from July 2008 reveal that Plaintiff's medication provided adequate relief of his symptoms, allowing him to perform daily activities. (*Id.* 333, 359.) Thus, substantial evidence supports the ALJ's credibility assessment.

Plaintiff asks the Court to compare the EMG performed by Dr. James S. Garrison, M.D. ("Dr. Garrison") in 2002 with the EMG Dr. Garrison performed in 2004, claiming the tests indicate his condition has gotten much worse. (Pl.'s Br. at 6.) Dr. Garrison's impression after both studies was primarily the same: "[n]ormal EMG findings in the right and upper left extremities," and medial nerve distal motor latencies consistent with a diagnosis of "bilateral carpal tunnel syndrome," nerve connection studies of the right and left ulnar nerves "within normal limits," and pain. (Tr. 429, 498.) The objective medical evidence does not support Plaintiff's subjective analysis on appeal that his condition deteriorated to the point where he was disabled under the Act.

Plaintiff believes that at his hearing, his counsel should have directed the ALJ's attention to the individual medical records he mentions in his brief. (Pl.'s Br. at 7.) He feels that had counsel done so, the ALJ would have found him disabled. (Pl.'s Br. at 7.) This reflects Plaintiff's lack of understanding of the administrative process. The ALJ thoroughly reviews all of Plaintiff's medical records after the hearing before he reaches a decision, as does the Appeals Council.

This Court has thoroughly reviewed the entire record, including the individual medical records referred to in Plaintiff's brief. Substantial evidence supports the ALJ's finding that Plaintiff can perform a significant number of jobs in the national economy. At the hearing, the ALJ posed

8

a hypothetical question to the VE based on the ALJ's assessment that Plaintiff had the RFC to lift/carry 10 pounds frequently and 20 pounds occasionally; stand/walk four to six hours in an eight-hour workday; sit six hours in an eight-hour workday; occasionally handle, finger, feel, and reach with the right upper extremity; frequently handle, finger, feel, and reach with the upper left extremity; could occasionally crawl, squat, stoop, or bend; and could not climb ladders or work at heights. (*Id*. 12, 59.) The VE testified that based on the ALJ's hypothetical, Plaintiff could perform the occupations of cafeteria attendant, housekeeper/cleaner, and microfilm mounter. (*Id*. 62-63.) The VE testified that there were 92,014 cafeteria attendant jobs in the national economy and 2,524 jobs in Texas; 123,115 housekeeper/cleaner jobs in the national economy and 25,050 jobs in Texas; and 19,515 microfilm mounter jobs in the national economy and 375 jobs in Texas. (*Id*. 62-63). Since 30,000 jobs in the national economy is considered significant, the jobs described by the VE are available in significant numbers. *See, e.g., Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997). Accordingly, substantial evidence supports the ALJ's finding at step five that Plaintiff is not disabled under the Act.

## RECOMMENDATION

The Commissioner's decision is supported by substantial evidence and is not the result of prejudicial legal error. The District Court should affirm the Commissioner's decision.

**SO RECOMMENDED**, June 21, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

9

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Serv.'s Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).